**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ronald Williams,

    Petitioner

v.

Timothy Filson, et al.

    Respondents

Case No. 2:26-cv-00975-JAD-NJK

**Order Granting Motion to Proceed IFP, Screening Habeas Petition, and Dismissing Case**

[ECF Nos. 1, 1-1]

Petitioner Ronald Williams has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a motion to proceed *in forma pauperis* (IFP).[1]  Based on Williams's financial certificate,[2] I find that good cause exists to grant the IFP motion.  But having reviewed this case under the Rules Governing Section 2254 Cases,[3] I dismiss the petition as not cognizable.

A state prisoner's habeas claim is cognizable under § 2254 only if it falls within the core of habeas.[4]  If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, if at all, as part of a civil-rights lawsuit under 42 U.S.C. § 1983.[5]  Said another way, habeas relief is not available for "probabilistic claims," i.e., where success on the claims

---

[1] ECF Nos. 1, 1-1.

[2] ECF No. 4.

[3] Under Habeas Rule 4, the assigned judge must examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.

[4] *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016).

[5] *Id*. at 931.

"*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole."[6]

Williams explains that his original parole eligibility date of December 2028 has been pushed back to 2030 because the Nevada Department of Corrections has refused to reinstate his good time credits under Nevada Revised Statute § 209.4465.[7] If Williams were to succeed on this claim, it would mean an earlier parole hearing. But an earlier parole hearing would not necessarily lead to Williams's immediate or speedier release because the parole board has the authority and discretion to grant or deny parole.[8] So I find that Williams's petition does not fall within the core of federal habeas law, and I dismiss it.[9]

IT IS THEREFORE ORDERED that the IFP motion **[ECF No. 1] is GRANTED**.

IT IS FURTHER ORDERED that the petition **[ECF No. 1-1] is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that a **certificate of appealability is DENIED.**

The Clerk of Court is kindly directed to:

- ADD Nevada Attorney General Aaron D. Ford as counsel for Respondents.

---

[6] *Id*. at 933–34 (emphases in original).

[7] ECF No. 1-1 at 1.

[8] *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole.").

[9] Williams's claim is also a question of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). And Nevada inmates do not possess a liberty interest in being released on parole or in the application of good time credits. *Moor v. Palmer*, 603 F.3d 658, 662 (9th Cir. 2010) ("Nevada law does not create a liberty interest in parole.").

- SEND Respondents a copy of this order and all other filings in this matter by regenerating the notices of electronic filing.[10]

- ENTER JUDGMENT accordingly, and

- CLOSE THIS CASE.

Dated: April 10, 2026

_____
U.S. District Judge Jennifer A. Dorsey

---

[10]No response is required from Respondents other than to respond to any orders of a reviewing court.

3